**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **MEILYN TATIANA FIALLOS HERNANDEZ** | **CASE NO. 6:26-CV-470 SEC P** |
| **VERSUS** | **JUDGE ALEXANDER C. VAN HOOK** |
| **MICHA NEALS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed on behalf of Meilyn Tatiana Fiallos Hernandez ("Petitioner"), pursuant to 28 U.S.C. §2241. At the time of filing this petition, Petitioner, a native and citizen of Honduras, was an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana. Petitioner sought release from detention or, alternatively, a bond hearing.

Petitioner entered the United States on July 17, 2018. Petitioner was detained on January 21, 2026 (Doc. 1). On April 30, 2026, an immigration judge granted Petitioner pre-conclusion voluntary departure under safeguards. Petitioner was instructed to depart the United States by June 15, 2026. Both parties waived appeal (Doc. 9-2).

Respondents filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 9). Respondents claim the petition is moot and should be dismissed because Petitioner has

been removed and is no longer in ICE custody. In support of their claim, Respondents provide the Declaration of Supervisory Detention and Deportation Officer Richard Polanco which states that on May 10, 2026, Petitioner was removed from the United States to Honduras (Doc. 9-2).

Because Petitioner has been removed and is no longer in ICE custody, Respondents' Motion to Dismiss should be GRANTED and this petition should be DISMISSED WITHOUT PREJUDICE because it is moot.

**LAW AND ANALYSIS**

Article III of the Constitution includes a case or controversy requirement for matters brought in the federal courts. This means that the plaintiff or petitioner must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 110 S.Ct. 1249, 1253 (1990). Petitioner must continue to meet the case or controversy requirement. Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Petitioner's petition challenging her detention is moot because she has been removed and is no longer in ICE custody (Docs. 9 and 9-2). See Dormeus v. Keisler, 252 Fed.Appx. 611, 612 (5th Cir.2007). If a controversy is moot, the court lacks subject matter jurisdiction. Carr v. Saucier, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); Locke v. Board of Public Instruction, 499 F.2d 359, 363-364 (5th Cir. 1974)).

Accordingly, **IT IS RECOMMENDED** that Respondents' Motion to Dismiss (Doc. 9) be **GRANTED** and Petitioner's petition be **DISMISSED WITHOUT PREJUDICE** as moot.

**OBJECTIONS**

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 21st day of September 2026.

Mark L. Hornsby
U.S. Magistrate Judge